UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5878-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his[1] applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the opinion of examining psychologist Alysa Ruddell, Ph.D. (Dkt. # 11 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1991, has two years of college education, and has worked as a cashier, technology support clerk, custodian, security guard, and resort housekeeper. AR at 40,

---

[1] Although some treatment notes, the Commissioner's brief, and the ALJ's decision use she/her pronouns to refer to Plaintiff, the record indicates that Plaintiff prefers he/him pronouns. *See, e.g.*, AR at 683.

ORDER - 1

302, 328. Plaintiff was last gainfully employed in 2019. *Id.* at 328.

In May 2019, Plaintiff applied for benefits, alleging disability as of March 10, 2017.[2] AR at 227-44. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 114-17, 120-127. After the ALJ conducted hearings in August, September, and November 2021 (*id*. at 37-44, 780-819), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 11-30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-5. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

---

[2] The ALJ found that due to a prior administratively final denial on November 1, 2017, the adjudicated period begins on November 2, 2017. AR at 12.

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

Dr. Ruddell examined Plaintiff in April 2019 and completed a DSHS form opinion describing his psychological symptoms and limitations. AR at 501-05. The ALJ found unpersuasive Dr. Ruddell's opinion that Plaintiff would be markedly limited in his ability to learn new tasks, adapt to changes in a routine work setting, and set realistic goals and plan independently. *See id*. at 21-23, 503. Specifically, the ALJ found that these marked limitations were undermined by Plaintiff's inaccurate self-reporting and by Dr. Ruddell's lack of familiarity with Plaintiff's longitudinal record. *Id.* at 23.

The ALJ also found that the marked limitations were inconsistent with Plaintiff's reported ability to focus on the internet 9-10 hours per day, cook meals, shop for groceries, search and apply for jobs, drive, and attend bingo on a monthly basis. AR at 23. The ALJ found that Plaintiff's job search activity "suggests the possibility that if [he] had been hired, [he] would not have filed for disability approximately a month after this exam and that the reason for [his] continued unemployment is not solely due to the alleged impairments." *Id*. For these reasons, the ALJ found Dr. Ruddell's opinion to be only partially persuasive because he agreed with Dr. Ruddell that Plaintiff had some limitations, but he found the marked limitations to be unpersuasive. *Id*.

Plaintiff argues that the ALJ erred in finding that his internally inconsistent self-reporting to Dr. Ruddell undermined the support for the opinion, because the inconsistency was "slight"

ORDER - 3

and only bolsters Plaintiff's allegation that he suffers from memory loss. (Dkt. # 11 at 6.) This may be one potential interpretation of the evidence, but Plaintiff has not shown that the ALJ erred in finding that Plaintiff's inconsistent reporting undermined Dr. Ruddell's opinion, particularly because Dr. Ruddell herself called attention to the inconsistency, suggesting that she found it notable. *See* AR at 504. Dr. Ruddell noted at the outset of the opinion report that she relied entirely on Plaintiff's self-report (*id*. at 501), and the ALJ did not err in considering the extent to which that self-report was reliable.

To the extent that Plaintiff contends that the ALJ should have emphasized that Plaintiff has been described as a poor historian (dkt. # 11 at 7 (citing AR at 296)), this evidence does not contradict the ALJ's interpretation of Dr. Ruddell's opinion. If Plaintiff is a poor historian and cannot describe his own history reliably, then an opinion that is based on Plaintiff's self-reporting is less persuasive. *See, e.g.*, *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Next, Plaintiff argues that the ALJ erred in finding that Dr. Ruddell's opinion was unsupported due to her lack of familiarity with Plaintiff's longitudinal record because at least she had "the benefit of an in-person examination." (Dkt. # 11 at 7.) But the ALJ did not deny that Dr. Ruddell's opinion was supported by her examination, and properly considered the extent to which Dr. Ruddell was familiar with other evidence in the record when assessing the persuasiveness of her opinion. *See* 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5) (indicating that the persuasiveness of an opinion may depend on the source's familiarity with other evidence in the record). Despite Plaintiff's argument to the contrary, the ALJ did not suggest "that a certain

ORDER - 4

number of evaluations are required to reliably form an opinion[.]" (Dkt. # 11 at 7.) Plaintiff has not shown that the ALJ erred in considering Dr. Ruddell's degree of familiarity with the longitudinal record when assessing the persuasiveness of her opinion.

Plaintiff also challenges the ALJ's consistency finding, arguing that the activities cited by the ALJ do not contradict Dr. Ruddell's opinion. (Dkt. # 11 at 8-10.) The Court agrees that some of the activities listed by the ALJ are not particularly inconsistent with the marked limitations identified by Dr. Ruddell, but the ALJ did not err in finding that Plaintiff's job search activity was inconsistent with Dr. Ruddell's opinion that Plaintiff would be markedly limited in his ability to, for example, set goals and plan independently. Plaintiff reported to Dr. Ruddell that he filed "20+ job applications in the last 3 months" (AR at 505), and the ALJ reasonably found that this activity was inconsistent with the disabling mental limitations Dr. Ruddell indicated. The ALJ explained that Plaintiff's efforts to find a job just before filing an application for disability benefits undermined the suggestion that Plaintiff's impairments were the sole cause of his continued unemployment (*id*. at 23), and Plaintiff has not specifically challenged this line of reasoning.

Because the ALJ reasonably found that Dr. Ruddell's opinion was unsupported and inconsistent with Plaintiff's job search activity, the ALJ did not err in finding it only partially persuasive on these bases.[3]

---

[3] Although Plaintiff contends that the ALJ erred in cherry-picking normal mental status examination findings to find inconsistent with Dr. Ruddell's opinion (dkt. # 11 at 9-13), the ALJ's decision does not contain this reasoning. Because the ALJ did not refer to normal mental status examination findings in assessing Dr. Ruddell's opinion (AR at 21-23), the Court need not determine whether a consistency finding based on that evidence would have passed muster.

ORDER - 5

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 30th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge